```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                         :
     v.                  :  No. 4:CR-96-239
                         :
DAVID PAUL HAMMER        :  (Judge Muir)
```

ORDER

June 10, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and orders and we will not repeat that history other than as needed to address certain procedural matters.

On January 27, 2005, we issued an order which granted in part and denied in part Hammer's motion for leave to file a supplemental and third amended § 2255 motion (hereinafter referred to as "the third amended motion"). On May 11, 2005, we issued an order dismissing Ground 15 of the third amended motion. On June 1, 2005, we issued an order which, inter alia, dismissed ¶ 5 of Ground 3, at page 39, Ground 18 and Ground 22 of the third amended motion. The case is on the July, 2005, trial list for a hearing on Hammer's third amended motion and the claims to be addressed at that hearing are set forth in Grounds 1 through 14 (with the exception of ¶ 5 of Ground 3, at page 39), 16 and 19 of the third amended motion.

A pre-hearing conference was held on June 10, 2005, attended by Assistant Federal Public Defenders Saunders, Wiseman,

McHugh and Moreno, and Assistant United States Attorneys Martin and Carlson at which time certain procedural matters relating to the hearing were addressed.

Counsel for Hammer estimated that the hearing with respect to Hammer's case-in-chief would take 45 days and the Government estimated that its case would take between 12 and 20 days. Counsel stated that with the exception of a few minor matters which they indicated would be resolved shortly, discovery has been completed (including the submission to opposing counsel of expert reports), witness lists have been exchanged, exhibit lists were being prepared and would be exchanged, counsel had commenced preparation of findings of fact, counsel would be attempting to enter into some stipulations regarding the submission of evidence (e.g., no need for testimony from custodians of records), and Hammer would possibly present evidence by way of a video deposition.

In our order of June 1, 2005, counsel were directed to file proposed findings of fact and conclusions of law on or before the close of the hearing. At the pretrial conference counsel agreed to attempt to submit the proposed findings of fact and conclusions of law at the start of the hearing. The court did note that those findings could be supplemented by findings with respect to matters which arose during the hearing which could not reasonably have been anticipated.

Paragraph 8 of our order of June 1, 2005, stated as follows:

> The portions of all exhibits which are to be considered by the court shall be read aloud in open court so that the court may grasp the important language. Only portions so read will be considered by the court.

At the pre-hearing conference, that paragraph was modified to permit counsel to request that the undersigned in open court read silently portions of exhibits.

At the pre-hearing conference, the court also issued orders relating to the date for commencement of the hearing, the days of the week on which the hearing would occur and the length of opening statements. The purpose of this order, inter alia, is to reduce those oral orders to writing.

Also, on June 8, 2005, Hammer filed an ex parte petition for the issuance of writs of habeas corpus ad testificandum relating to three inmate witnesses. Based on that ex parte submission we issued the writs. Subsequently, we became concerned that counsel had not justified submitting the petition on an ex parte basis. 21 U.S.C. § 848(q)(9) states in relevant part "[n]o ex parte proceeding, communication, or request may be considered . . . unless a proper showing is made concerning the need for confidentiality." We will require counsel to justify the ex parte communication.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The hearing on Hammer's third amended § 2255 motion shall commence at 10:00 a.m. on July 14, 2005. The hearing may be delayed if a criminal trial which may commence on July 6, 2005, has not concluded by July 14, 2005.

2. Commencing on July 18, 2005, the hearing will occur

4 days per week (Mondays through Thursdays).

      3. Hammer and the Government shall each have 60 minutes for opening statements.

      4. The portions of all exhibits which are to be considered by the court shall be read aloud in open court or read silently and red-lined by the undersigned in open court so that the court may grasp the important language. Only portions of exhibits so read will be considered by the court.

      5. Counsel shall fully comply with the remaining provisions of our order of June 1, 2005, which have not been modified by this order (i.e., paragraphs 6 and 7 relating to marking exhibits and use at the hearing of portions of the trial transcript).

      6. Counsel shall (1) resolve the minor matters referred to at the pre-hearing conference relating to discovery and (2) exchange exhibit lists by July 1, 2005.

      7. Counsel shall <u>attempt</u> to prepare and submit annotated proposed findings of fact and conclusions of law to the court by July 14, 2005.

      8. Counsel for Hammer shall give Deputy Clerk Kuhns <u>at least</u> 24 hours notice if video depositions are to be presented at the hearing.

      9. Within 5 working days counsel for Hammer shall justify filing on an ex parte basis the petition for writs of habeas corpus ad testificandum. In the alternative, counsel if they have not already done so may reveal to the Government the

names of the three inmate witnesses. If counsel elect to reveal the names of the inmate witness, counsel shall notify the court in writing that they have done so.

      10. Counsel for Hammer and the Government shall give the United States Marshal <u>at least</u> 41 hours notice of the date inmate witnesses will be called to testify.

                                          <u>s/Malcolm Muir</u>
                                          MUIR, U.S. District Judge

MM:gs