## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ _ | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 4:CR–96-239 |
| Respondent, | : | |
| | : | Judge Muir |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Petitioner. | : | |
| | : | |
| _____ | : | |

## PETITIONER'S BRIEF IN OPPOSITION TO
## THE GOVERNMENT'S MOTION TO
## ALTER OR AMEND JUDGMENT

The Government has moved pursuant to Fed.R.Civ.P. 59 to alter or amend this Court's order of December 27, 2005 granting in part Petitioner's Section 2255 petition and vacating his sentence of death.  For the following reasons the Government's *Motion* should be denied.[1]

## I.    Standard of Review

Fed.R.Civ.P. Rule 59(e) does not permit relitigation of arguments and facts already presented to and rejected by the court.  <u>Brambles v. Blocker</u>, 735 F. Supp.

---

[1]All emphasis herein is supplied, unless otherwise noted.

1239, 1240 (D. Del. 1990) ("reargument should not be granted where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.'" (citing and quoting cases)); Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y . 1989) (same).

With one exception, the Government's motion is a rehash of arguments and authorities already presented to and rejected by this Court.  Such a challenge to the Court's reasoning, is not properly presented in a Rule 59 motion.  Johnson v. Diamond State Port Corp., 50 Fed.Appx. 554, 560 (3d Cir. 2002) (non-precedential) (Rule 59 motion does not lie to address an alleged "error [] of reasoning").   In view of this Court's exhaustive fact finding and conclusions of law, the Government has presented no reason to revisit those findings or conclusions.

Thus, for the most part, the Government's *Motion* is not worthy of response. However, Petitioner will herein address two points made in the Government's *Motion* – one which is new and the other which is old.

## II.    The Alleged Violation of Teague v. Lane is Non-Existent.

The Government doggedly insists that this Court's ruling violated the non-retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989), see Government's *Brief* at 11 (Court's grant of Brady relief is "barred by the Teauge v. Lane non-

2

retroactivity doctrine"); *Brief* at 17 (Court's grant of 8th Amendment relief is barred by Teague). However, in the remainder of the Government's *Brief*, there is no actual Teague argument. Instead, the arguments relate to the merits of the Court's ruling on Petitioner's Brady and mitigation claims. The absence of an actual Teague argument is notable because it shows that the Government's complaint is not really about a Teague violation. Instead, the Government's actual complaint is about the propriety of the Court's ruling on Brady and the Eighth Amendment violation.

There is no Teague issue here because this Court has not applied a new rule. Rather, this Court has applied the specific facts found in this case to the long standing Brady doctrine and a variety of Eighth Amendment cases. When a lower federal court applies facts to longstanding principles of law, Teauge is not implicated. This is explained by Terry Williams v. Taylor, 529 U.S. 362, 391 (2000). In Williams the Court interpreted the operative portions of the habeas corpus statute related to state convictions, i.e. 28 U.S.C. § 2254(d), which the Court noted codified Teague. Id. at 380 ("It is perfectly clear that AEDPA codifies Teague to the extent that Teague requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final."). The habeas petitioner in Williams raised an

ineffective assistance of counsel claim.  The Court stated:

> It is past question that the rule set forth in <u>Strickland</u> qualifies as clearly established Federal law, as determined by the Supreme Court of the United States.   That the <u>Strickland</u> test of <u>necessity requires a case-by-case examination of the evidence</u> . . . <u>obviates neither the clarity of the rule nor the extent to which the rule must be seen as established by this Court</u>.
>
> In the context of this case, we also note that, as our precedents interpreting <u>Teague</u> has demonstrated, rules of law may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard rather than as a bright-line rule. <u>If the rule in question is one which of necessity requires a case-by-case examination of the evidence, then we can tolerate a number of specific applications without saying that those applications themselves create a new rule</u>. . . . Where the beginning point is a rule of this general application, a rule designed for the specific purpose of evaluating a myriad of factual contexts, <u>it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent</u>.

<u>Williams</u>, 529 U.S. at 391, 382.

Thus, when a district court applies facts to prior legal principles, <u>i.e.</u> conducts a "case-by-case examination of the evidence" that application does not create a new rule within the purview of <u>Teague</u>.

Like <u>Strickland</u>, <u>Brady</u> sets forth a similar "generalized" standard, which "requires a case-by-case examination of the evidence [which does not] "[it]self create a new rule."  The Government's attempt to dress its <u>Brady</u> reargument in <u>Teague</u> clothing fails.

4

Similarly, the Court's conclusion that Mr. Hammer's Eighth Amendment rights were violated when the jury failed to find, and therefore consider, uncontested mitigating evidence is based upon a number of long-standing Supreme Court precedents:  Lockett v. Ohio, 438 U.S. 586 (1978) (statute that precluded jury from considering certain mitigating evidence unconstitutional); Eddings v. Oklahoma, 455 U.S. 104, 114-15 (1982) (sentencer may not disregard mitigating evidence); Hitchcock v. Dugger, 418 U.S. 393 (1987) (jury instruction unconstitutionally precluded jury from considering mitigating evidence); Penry v. Lynaugh, 492 U.S. 302, 319 (1989) (jury must be "given jury instructions that make it possible for them to give effect to [relevant] mitigating evidence in determining whether the death penalty should be imposed").

Eddings in particular shows that this Court's Eighth Amendment ruling did not apply a new rule.  In Eddings, the sentencer and the appellate court failed to weigh some of the mitigating evidence, which was uncontroverted, because they believed that it did not excuse the crime.  The Court reversed and held that the sentencer's failure to weigh the uncontroverted mitigating evidence violated the Eighth Amendment.  "The sentencer, and the Court of Criminal Appeals on review, may determine the weight to be given relevant mitigating evidence.  But they may not give it no weight ...."  Eddings, 455 U.S. at 114-15.   The Supreme

5

Court held there was Eighth Amendment error despite the fact that the sentencer (and the appellate court) – just as the jury apparently did in Petitioner's case – heard and noted the proffered mitigating evidence before rejecting it.  Id. at 109-10.  See Eddings v. State, 616 P.2d 1159, 1169-70 (Okl.1980); Eddings, 455 U.S. at 117, 119 (O'Connor J., concurring) (Eighth Amendment requires the sentencer to "consider and weigh all of the mitigating evidence"; where sentencer mentioned certain mitigating evidence but "believed he could not consider some of the mitigating evidence in imposing sentence," Eighth Amendment was violated).

Eddings thus requires a sentencer to actually weigh uncontroverted mitigating evidence against the aggravating circumstances.   Mere exposure to the mitigating evidence in the abstract is not enough to satisfy the Eighth Amendment.

Penry requires the same result.  In Penry, the Court explained the holding of Eddings as follows:

> Eddings makes clear that it is not enough simply to allow the defendant to present mitigating evidence to the sentencer.  The sentencer must also be able to consider and give effect to that evidence in imposing sentence.

Penry, 492 U.S. at 319 (citing Hitchcock v. Dugger, 481 U.S. 393 (1987)).[2]

---

[2]Accord Magwood v. Smith, 791 F.2d 1438, 1447-50 (11th Cir. 1986) (death penalty violates Eighth and Fourteenth Amendments where sentencer fails to find and give effect to uncontroverted mitigating circumstance:  "To find that mitigating circumstances do not exist where such mitigating circumstances clearly

**III.**   <u>**Brown v. Sanders**</u> **is Inapposite to the Court's Brady Ruling.**

The Government cites the recent Supreme Court decision in <u>Brown v.</u>

<u>Saunders</u>, — U.S. —, 2006 WL 47402 (Jan. 11, 2006) as supporting its <u>Brady</u>

reargument. *Brief* at 17.  However, <u>Brown</u> is inapposite to this Court's <u>Brady</u>

ruling.

In <u>Brown</u>, the Supreme Court recalibrated a portion of its jurisprudence

regarding the impact on a death sentence of a finding that an aggravating

circumstance was unconstitutionally obtained.  Prior to <u>Brown</u>, and as set forth in

Petitioner's *Post-Hearing Brief* at 35-36 and in this Court's opinion (<u>United States</u>

<u>v. Hammer</u>, — F. Supp.2d —, 2005 WL 3536206 at *123 (M.D. Pa. Dec. 27,

2005)), when one of multiple aggravating circumstances that was  found in a

"weighing" jurisdiction is ruled invalid, and where the jury also found mitigating

factors, the death sentence must be vacated because the unconstitutionally

obtained aggravating factor skewed the weighing process.   <u>Brown</u> replaced this

analysis with a new rule:

> An invalidated sentencing factor (whether a[n] [death] eligibility
> factor or not) will render the sentence unconstitutional by reason of
> its adding an improper element to the aggravation scale in the
> weighing process, *unless* one of the other sentencing factors enables

---

exist returns us to the state of affairs which were found by the Supreme Court in
<u>Furman v. Georgia</u> to be prohibited by the Constitution").

the sentencer to give aggravating weight to the same facts and
circumstances. . . .  such skewing [of the weighing process] will
occur, and give rise to constitutional error, only where the jury could
not have given aggravating weight to the same facts and
circumstances under the rubric of some other, valid sentencing factor.

Brown, 2006 WL at * 5 (emphasis in original).

Brown does not apply for two reasons.  First, the Government's Brady

violation prevented Petitioner from disputing the existence of the aggravating

circumstance of planning and premedation.  Had the Government disclosed the

suppressed Brady material, the jury may well have not found that aggravating

circumstance to exist.

Second, in Petitioner's case the jury found two statutory aggravating

factors:   that Mr. Hammer substantially planned and premeditated the killing, and

he had been convicted of two or more state or federal offenses punishable by a

term of imprisonment of more than one year.  Thus, it is apparent that there is no

"other sentencing factor[] enabl[ing] the sentencer to [have] give[n] aggravating

weight to the same facts and circumstances" implicated by the aggravating factor

that this Court has found invalid.  Since there is no other "valid sentencing factor"

related to the invalid factor (i.e. one which the jury could have given aggravating

weight to the invalid aggravating circumstance), <u>Brown</u> does not apply.[3]

For the foregoing reasons, and based upon the entire record in this litigation, it is respectfully requested that the Government's *Motion* be denied in all respects.

Respectfully Submitted,


/s/ Michael Wiseman                        s/ Anne L. Saunders
MICHAEL WISEMAN, ESQUIRE          ANNE L. SAUNDERS, ESQUIRE
Supervisory Assistant Federal Defender   Asst. Federal Public Defender
Attorney ID#PA 75342                       Attorney ID #PA 48458
Federal Community Defender for the       100 Chestnut Street, Suite 306
Eastern District of Pennsylvania         Harrisburg, PA 17101
Suite 545 West – The Curtis Center       Tel. No. (717) 782-3843
Philadelphia, PA 19106                     (Anne_Saunders@fd.org)
Tel. No. (215)928-0520
(Michael_Wiseman@fd.org)

Dated:          January 26, 2006
                Philadelphia, PA

_____

[3]There is no small irony that the Government – which invokes <u>Teague</u> at every conceivable opportunity (real or imagined) – seeks the application of a new rule to deny Petitioner the relief he is so clearly due.  At the time of Petitioner's trial as well as when his conviction became final, the new rule in <u>Brown</u> did not exist.  Nor did it exist when this Court decided this case in 2005.  If he were seeking the benefit of <u>Brown</u>, the Government would correctly argue that <u>Teague</u> would bar its application.  It hardly seems fair that the Government would turn around and seek the benefit of this new rule.  <u>See</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 388 (Stevens, J. dissenting) ("If, under <u>Teague</u>, a defendant may not take advantage of subsequent changes in the law when they are favorable to him, then there is no self-evident reason why a State should be able to take advantage of subsequent changes in the law when they are adverse to his interests.")

9

## CERTIFICATE OF SERVICE

I, Michael Wiseman, of do hereby certify that on this date I served a copy of the foregoing via Electronic Case Filing and by mail

Frederick E. Martin, Esquire          Gwynn X. Kinsey, Jr., Esquire
United States Attorney's Office        United States Department of Justice
Federal Building, Room 217             Criminal Division, Capital Case Unit
228 Walnut Street                      1331 F. Street, N.W.
Harrisburg, PA 17108                   Washington, D.C. 20530

Dated:         January 26, 2006
               Philadelphia, PA

                                       s/ Michael Wiseman
                                       Michael Wiseman