UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : No. 4:CR-96-239 |
| | : |
| DAVID PAUL HAMMER | : (Judge Muir) |

### ORDER

February 8, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 27, 2005, we issued a 278-page opinion with 1705 specific findings of fact and order granting in part and denying in part David Paul Hammer's fourth amended § 2255 motion. The order vacated and set aside the sentence of death imposed on Mr. Hammer on November 4, 1998, and authorized the Government within 60 days to file a motion to have the case placed on a trial list for a new penalty-phase trial. We denied Mr. Hammer's request to be permitted to withdraw his guilty plea and for a new guilt-phase trial. 28 U.S.C. § 2253 states in relevant part as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability an appeal may not be taken to the court of appeals from --
>
> \*   \*   \*   \*   \*   \*   \*
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of constitutional right.

Rule 22 of the Federal Rules of Appellate Procedure states in relevant part as follows:

> (1)  . . . in a 28 U.S.C § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.  The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

The United States Supreme Court has stated that "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

> On February 7, 2006, Mr. Hammer filed a notice of

appeal which states in full as follows:

> PLEASE TAKE NOTICE, that Defendant/Petitioner David Paul Hammer, hereby appeals to the United States Court of Appeals for the Third Circuit from each and every adverse finding and ruling rendered by the District Court in its Order and Opinion of December 27, 2005.

Mr. Hammer is required to make a substantial showing of the denial of a constitutional right as defined by the Supreme Court in Slack v. McDaniel before a certificate of appealability can issue.  We are of the view that Mr. Hammer has not made such a showing by the general reference with respect to "each and every adverse finding and ruling rendered by [us]."  Under the

2

circumstances and we will not issue a certificate of appealability.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

For the reasons set forth in our 278-page opinion and order of December 27, 2005, the appeal of the portion of that opinion and order which denied in part Mr. Hammer's fourth amended § 2255 motion is deemed to be lacking a substantial showing of the denial of a constitutional right and a certificate of appealability will not be issued by us.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs