IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :
        :
        :     NO. 4:96-CR-239
     v.        :
        :
DAVID PAUL HAMMER        :
    Defendant.        :

## OPINION

**Slomsky, J.**                                             **December 1, 2011**

## I.    INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion for Informational Outlines summarizing what the Government intends to prove regarding the intent factors and the aggravating factors of substantial planning and premeditation, future dangerousness and victim impact. (Doc. No. 1328.) For reasons that follow, the Court will grant the Motion.[1]

## II.    BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer. (Doc. No. 1.) He was charged with killing Andrew Marti on April 13, 1996 at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18 U.S.C. § 1111. (Id.) On April 9, 1997, the Government filed a notice of intent to seek the death penalty. (Doc. No. 93.)

---

[1]    The Court has considered the following documents in deciding the Motion for Informational Outlines:  Defendant's Motion for Informational Outlines and Brief in Support thereof (Doc. Nos. 1328, 1329), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1348), Defendant's Reply Brief (Doc. No. 1375), and Defendant's Post-Argument Brief (Doc. No. 1387).

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22, 1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty phase hearing and continued as the judge assigned to this case until it was transferred on January 12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc. Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir. 2000), cert. denied, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), cert. denied, 534 U.S. 831 (2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir

denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase

hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision

was essentially based on the Government's failure to disclose material information Defendant

was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d

at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case

placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

    After being awarded a new penalty phase hearing, Defendant Hammer submitted a

request to the Department of Justice to reconsider its decision to seek the death penalty. A

review of the case was conducted by the Department of Justice. (Doc. Nos. 1289, 1293, 1297,

1300.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized

the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On

January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on

the trial list for a new penalty proceeding. (Id.)

    Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos.

1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant

requests an order requiring the Government to provide the defense with Informational Outlines

summarizing what the Government intends to prove regarding the intent factors, the statutory

aggravating factor of substantial planning and premeditation, and the two non-statutory factors of

future dangerousness and victim impact. (Doc. Nos. 1328, 1329.) On June 17, 2011, the

Government filed a brief in opposition. (Doc. No. 1354.) On June 30, 2011, oral argument was

held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011, both parties

submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

## III.   DISCUSSION

The Court has the discretion to order the government provide greater specificity regarding the factors outlined in its Notice of Intent. United States v. Minard, 176 F. Supp. 2d 424, 448-49 (W.D. Pa. 2001); see also United States v. Catalan Roman, 376 F. Supp. 2d 108, 112 (D.P.R. 2005) ("Inasmuch as the [Federal Death Penalty Act] is otherwise silent as to procedure, it clearly does not purport to provide a comprehensive penalty phase procedure, and it follows that Congress left the fashioning of such procedure, including disclosure matters, to the courts.") (citing United States v. Beckford, 962 F. Supp. 748, 757 (E.D. Va. 1997)).  There are two reasons that the Court may order the Government to provide an informational outline.

First, a court may order the government provide an Informational Outline in order to allow the defendant to adequately prepare for the sentencing proceeding.  United States v. Llera Plaza, 179 F. Supp. 2d 464, 470-72 (E.D. Pa. 2001).  While many of the safeguards incident to criminal prosecutions do not apply to sentencing proceedings, due process must be satisfied. Llera Plaza, 179 F. Supp. 2d at 471 (citing United States v. Kaczynski, No. 96-259, 1997 WL 34626785, at *18 (E.D. Cal. Nov. 7, 1997)).  Due process requires that a defendant receive sufficient notice of aggravating factors to enable him to respond and prepare his case in rebuttal. Llera Plaza, 179 F. Supp. 2d at 471.  In evaluating whether due process is satisfied, the Notice of Intent must be considered in conjunction with the offense as charged in the indictment.  Id.

Second, a court may order the government provide an Informational Outline to ensure the evidence presented at trial complies with the mandates of 18 U.S.C. § 3593(c) and the Constitution.  See Llera Plaza, 179 F. Supp. 2d at 470 (requiring the government to explain in greater detail the evidence it intends to introduce at trial will put the parties and the court in a

better position to assess the need for a hearing to evaluate that evidence).  At the sentencing trial, information may be presented as to any matter relevant to the sentence, including any mitigating or aggravating factor.  18 U.S.C. § 3593(c).  The Federal Rules of Evidence do not apply at a sentencing, but evidence must be excluded if "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).  In addition, the information must satisfy the "heightened reliability" requirements of capital sentencing required under the Eighth Amendment.  United States v. Solomon, 513 F. Supp. 2d 520, 527 (W.D. Pa. 2007).  The Court's screening of aggravating factors is essential to channeling, directing and limiting the sentencer's discretion in order to prevent arbitrary and capricious imposition of the death penalty.  Solomon, 513 F. Supp. 2d at 525.

Other courts have granted requests for greater specificity regarding the intent and aggravating factors to ensure a defendant is able to adequately prepare for sentencing proceedings and to allow the court to ensure the reliability of the evidence presented.  See United States v. Llera Plaza, 179 F. Supp. 2d 464, 471-72 (E.D. Pa. 2001); United States v. Bin Laden, 126 F. Supp. 2d 290, 304-05 (S.D.N.Y. 2001); United States v. Cooper, 91 F. Supp. 2d 90, 111 (D.D.C. 2000); United States v. Glover, 43 F. Supp. 2d 1217, 1232 (D. Kan. 1999); United States v. McVeigh, 944 F. Supp. 1478, 1488 (D. Colo. 1996).

In this case, the Indictment was filed on September 18, 1996.  (Doc. No. 1.)  The Notice of Intent to Seek the Death Penalty was filed on April 9, 1997.  (Doc. No. 93.)  Circumstances have changed and this case has evolved in the approximately eleven years since it was initiated. There is conflicting evidence regarding the willingness of the Marti family to cooperate with the Government.  New evidence was presented to defense counsel as a result of Defendant's § 2255

Motion. Several potential witnesses have died. The conditions of Defendant's confinement have changed. These changed circumstances may affect the nature of the evidence the Government will present at trial.

In order to ensure that Defendant's due process rights are protected and that the Court can properly screen the information the parties will introduce at the sentencing proceeding, the Court will order the Government to provide Defendant with Informational Outlines of the information it plans to present in support of the intent factors, the statutory aggravating factor of substantial planning and premeditation and the non-statutory factors of future dangerousness and victim impact. The Government should provide in the outline the general nature of the evidence it will seek to introduce in support of the threshold findings and specified aggravating factors. See United States v. Llera Plaza, 179 F. Supp. 2d 464, 471 (E.D. Pa. 2001).[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Informational Outlines summarizing how the Government intends to prove the intent factors, the statutory aggravating factor of substantial planning and premeditation, and the two non-statutory factors of future dangerousness and victim impact. (Doc. No. 1328.)

An appropriate Order follows.

---

[2]      This ruling does not preclude the Government from submitting additional evidence at trial that is not disclosed in the Informational Outline. If the Government needs to submit additional evidence in support of the intent or aggravating factors, it must make a good faith showing as to why that evidence was not disclosed in sufficient time for Defendant to adequately review the evidence. The additional evidence should be disclosed to Defendant sufficiently in advance of the hearing so that it can be investigated by the defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :     CRIMINAL ACTION
                                      :
                                      :     NO. 96-239
             v.                   :
                                      :
DAVID PAUL HAMMER,          :
                                      :
          Defendant.            :

## ORDER

**AND NOW**, this 1st day of December 2011, upon consideration of Defendant's Motion for Informational Outlines (Doc. No. 1328), Government's Brief in Opposition (Doc. No. 1348), Defendant's Reply Brief (Doc. No. 1375), and Defendant's Post-Argument Brief (Doc. No. 1387), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion for Informational Outlines (Doc. No. 1328) is **GRANTED**.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.