IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : NO. 4:96-CR-239 |
| v. | : |
| | : |
| DAVID PAUL HAMMER | : |
| Defendant. | : |

OPINION

**Slomsky, J.**                                                                 **December 1, 2011**

## I.     INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty. (Doc. No. 1342.) For reasons that follow, the Court will deny the Motion.[1]

## II.    BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer. (Doc. No. 1.) He was charged with killing Andrew Marti on April 13, 1996 at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18 U.S.C. § 1111. (Id.) On April 9, 1997, the Government filed a notice of intent to seek the death penalty. (Doc. No. 93.)

---

[1] The Court has considered the following documents in deciding the Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty: Defendant's Motion and Brief in Support thereof (Doc. Nos. 1342, 1346), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1358), and Defendant's Reply Brief (Doc. No. 1370).

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22, 1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty phase hearing and continued as the judge assigned to this case until it was transferred on January 12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc. Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir. 2000), cert. denied, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), cert. denied, 534 U.S. 831 (2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir

denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision was essentially based on the Government's failure to disclose material information Defendant was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

After being awarded a new penalty phase hearing, Defendant Hammer submitted a request to the Department of Justice to reconsider its decision to seek the death penalty. A review of the case was conducted by the Department of Justice. (Doc. Nos. 1289, 1293, 1297, 1300.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on the trial list for a new penalty proceeding. (Id.)

Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos. 1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant argues that the Federal Death Penalty Act is unconstitutional because it is incomprehensible to jurors and results in the arbitrary application of the death penalty. (Doc. Nos. 1342, 1346.) On June 17, 2011, the Government filed a brief in opposition. (Doc. No. 1358.) On June 30, 2011, oral argument was held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011 both parties submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

## III. DISCUSSION

Defendant Hammer argues that the process prescribed by the Federal Death Penalty Act ("FDPA") for making sentencing decisions with its "melange of concepts" is so confusing to jurors that it prevents them from making reasoned sentencing decisions. (Doc. No. 1346.) According to Defendant, the death penalty sentencing scheme creates an unreasonable risk that jurors will misunderstand their proper role in violation of the Eighth Amendment and the Due Process Clause. (Id.) Hammer relies on several articles, as well as studies conducted by the Capital Jury Project ("CJP") to support his argument. (Id.)

In order to impose a death sentence under the FDPA, a jury must make several distinct findings. First, the jury must find beyond a reasonable doubt that a defendant acted with the requisite intent. 18 U.S.C. § 3591(a)(2). The jury must then find beyond a reasonable doubt that at least one enumerated statutory aggravating factor exists. See 18 U.S.C. § 3592(c) (listing sixteen aggravating factors for homicide); 18 U.S.C. § 3593(c) ("The burden of establishing the existence of any aggravating factor is on the government, and is not satisfied unless the existence of such a factor is established beyond a reasonable doubt."). Only if these two preconditions are satisfied is a defendant eligible to receive a death sentence. The jury must then balance the statutory and non-statutory aggravating factors it finds the government has proved beyond a reasonable doubt against the mitigating factors it finds the defendant has proved by a preponderance of the evidence. 18 U.S.C. § 3593(e); see also 18 U.S.C. § 3593(c) ("The burden of establishing the existence of any mitigating factor is on the defendant, and is not satisfied unless the existence of such a factor is established by a preponderance of the information."). The jury will impose a capital sentence only if it finds by unanimous vote that the aggravating factors

sufficiently outweigh the mitigating factors to warrant the death penalty. 18 U.S.C. § 3593(e).

"[T]here is nothing in the FDPA that can be said to raise an insuperable barrier to informed sentencing. To the extent that aggravating and mitigating factors are abstract concepts, they are capable of being rendered precise and concrete in the course of crafting instructions to the sentencing jury." United States v. Llera Plaza, 179 F. Supp. 2d 444, 449-50 (E.D. Pa. 2001). Whether a penalty phase instruction is constitutional depends on whether it has a "common-sense core of meaning . . . that criminal juries [are] capable of understanding." Tuilaepa v. California, 512 U.S. 967, 975 (1990) (internal quotations omitted). There is no justification for the Court to hold, prior to trial, that a sentencing jury will be unable to comprehend the provisions of the FDPA or the instructions provided by the court or counsel.[2] United States v. Regan, 228 F. Supp. 2d 742, 748 (E.D. Va. 2002); Llera Plaza, 179 F. Supp. 2d at 450.

Counsel for Hammer and counsel for the Government will have the opportunity to participate fully in the process of formulating the instructions which will frame the jury's deliberations. Defendant offers no evidence that can overcome the assumption that juries will follow the instructions given to them during the penalty phase hearing. Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983); United States v. Jass, 569 F.3d 47, 55 n.4 (2d Cir. 2009); United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989).

Accordingly, the Court finds no merit in Defendant's argument and agrees with other

---

[2] Since this case is still at the pre-hearing phase, the Court has not completed the final instructions to be given to the jury. At the appropriate time, the parties will be afforded the opportunity to review and/or supplement the instructions and to lodge any objections. Accordingly, Defendant's claim regarding the incomprehensibility of the FDPA sentencing scheme is not yet ripe for review. See United States v. Jacques, No. 08-117, 2011 WL 1675417, at *12 (D. Vt. May 4, 2011) (rejecting a similar argument regarding the constitutionality of the FDPA at the pre-trial stage because it was not ripe).

courts that have considered substantially the same argument on the comprehensibility and constitutionality of the FDPA and have rejected it. United States v. Taylor, 635 F. Supp. 2d 1243, 1246-49 (D.N.M. 2009); United States v. Green, No. 06-19-R, 2008 WL 4000901, at *1-2 (W.D. Ky. Aug. 26, 2008); United States v. Duncan, No. 07-23-N-EJL, 2008 WL 544847, at *1-2 (D. Idaho Feb. 26, 2008); United States v. Sablan, No. 00-00531-WYD, 2006 WL 1028780, at *7-8 (D. Colo. Apr. 18, 2006); United States v. Fell, 372 F. Supp. 2d 753, 756 (D. Vt. 2005); United States v. Perez, No. 02-7, 2004 WL 935260, at *2-3 (D. Conn. Apr. 29, 2004); United States v. Mikos, No. 02-137-1, 2003 WL 22110948, at *17-19 (N.D. Ill. Sept. 11, 2003); United States v. Regan, 228 F. Supp. 2d 742, 746-47 (E.D. Va. 2002); United States v. Llera Plaza, 179 F. Supp. 2d 444, 449-50 (E.D. Pa. 2001).

## IV.  CONCLUSION

Based on the forgoing reasons, the Court will deny Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty. (Doc. No. 1342.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 96-239 |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this 1st day of December 2011, upon consideration of Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty (Doc. No. 1342), Government's Brief in Opposition (Doc. No. 1358), and Defendant's Reply Brief (Doc. No. 1370), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional (Doc. No. 1342) is **DENIED**.

BY THE COURT:

JOEL H. SLOMSKY, J.