IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
       :
       :      NO. 4:96-CR-239
     v.      :
       :
DAVID PAUL HAMMER      :
   Defendant.      :

**OPINION**

**Slomsky, J.**                                              **December 1, 2011**

## I.  INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion to Strike the Statutory Aggravating Factor of Substantial Planning and Premeditation.  (Doc. No. 1338.)  For reasons that follow, the Court will deny the Motion.[1]

## II.  BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer.  (Doc. No. 1.)  He was charged with killing Andrew Marti on April 13, 1996 at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18 U.S.C. § 1111.  (Id.)  On April 9, 1997, the Government filed a notice of intent to seek the death penalty.  (Doc. No. 93.)

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases

_____

[1]  The Court has considered the following documents in deciding the Motion to Strike the Statutory Aggravating Factor of Substantial Planning and Premeditation:  Defendant's Motion to Strike and Brief in Support thereof (Doc. Nos. 1338, 1339), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1351), Defendant's Reply Brief (Doc. No. 1369), and Government's Post-Argument Brief (Doc. No. 1386).

of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22,

1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered

a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice

aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty

phase hearing and continued as the judge assigned to this case until it was transferred on January

12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should

be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued

until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc.

Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a

verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after

denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on

November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion

for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir.

2000), cert. denied, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the

appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), cert. denied, 534 U.S. 831

(2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. §

2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued

intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir

denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase

hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision was essentially based on the Government's failure to disclose material information Defendant was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

After being awarded a new penalty phase hearing, Defendant Hammer submitted a request to the Department of Justice to reconsider its decision to seek the death penalty. A review of the case was conducted by the Department of Justice. (Doc. Nos. 1289, 1293, 1297, 1300.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on the trial list for a new penalty proceeding. (Id.)

Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos. 1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant requests that the statutory aggravating factor of substantial planning and premeditation set forth in the Government's notice of intent to seek the death penalty be stricken from the notice. (Doc. Nos. 1338, 1339.) On June 17, 2011, the Government filed a brief in opposition. (Doc. No. 1351.) On June 30, 2011, oral argument was held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011, both parties submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

## III.   DISCUSSION

In order to comply with the Constitution, a death penalty statute must: (1) rationally narrow the class of death-eligible defendants; and (2) permit a reasoned, individualized

sentencing determination based on a death-eligible defendant's record, personal characteristics, and the circumstances of the defendant's crime. Kansas v. Marsh, 548 U.S. 163, 173-74 (2006); see also McCleskey v. Kemp, 481 U.S. 279, 302-04 (1987); Zant v. Stephens, 462 U.S. 862, 877-79 (1983); Gregg v. Georgia, 428 U.S. 153, 189 (1976).

The Federal Death Penalty Act ("FDPA") accomplishes the constitutionally mandated narrowing process by requiring that the jury unanimously find the existence of an intent factor and at least one statutory aggravating factor beyond a reasonable doubt before a defendant is considered eligible for the death penalty. Zant, 462 U.S. at 876-78; United States v. Solomon, 513 F. Supp. 2d 520, 529, 534-35 (W.D. Pa. 2007); United States v. Cooper, 91 F. Supp. 2d 90, 97 (D.D.C. 2000). In accordance with the Eighth Amendment, a statutory aggravating factor must satisfy two criteria. First, the statutory language must not be vague. This means it must be specific enough to furnish adequate guidance to the fact-finder. Jones v. United States, 527 U.S. 373, 400-01 (1999); Arave v. Creech, 507 U.S. 463, 471 (1993). Second, the factor must not be overbroad. Arave, 507 U.S. at 474. This means it must not apply to every defendant convicted of a murder, but only to a subclass of offenders. Tuilaepa v. California, 512 U.S. 967, 972 (1994).

Defendant Hammer argues that the aggravating factor of substantial planning and premeditation is unconstitutional and must be stricken for three reasons:  (1) evidence of planning and premeditation by itself is overbroad, as it does nothing to narrow the class of murderers eligible for the death penalty, since almost every murder involves some planning and premeditation; (2) the modifying phrase "substantial" is vague and overbroad; and (3) federal courts have been unable to fashion a construction of "substantial" that would be both narrowing

and specific. (Doc. No. 1339 at 4.)

An aggravating factor can be considered overbroad if the sentencing jury "fairly could conclude that an aggravating circumstance applies to every defendant eligible for the death penalty." Arave v. Creech, 507 U.S. 463, 474 (1993). An aggravating factor is unconstitutionally vague if it fails to guide the choice between death and a lesser penalty. United States v. Minerd, 176 F. Supp. 2d 424, 433 (W.D. Pa. 2001). It must have some "common-sense core of meaning . . . that criminal juries [are] capable of understanding." Tuilaepa v. California, 512 U.S. 967, 975 (1994) (internal citations omitted).

While Defendant argues that the terms "substantial" and "planning and premeditation" are overbroad and vague when considered independently, this argument overlooks the factor as included in the Government's Notice of Intent to Seek the Death Penalty, which combines the two concepts in accordance with the law. The factor as noticed by the Government pursuant to 18 U.S.C. § 3592(c)(9) is "substantial planning and premeditation" or specifically that "[t]he defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism." This factor should be considered as "substantial planning and premeditation," not "planning and premeditation" separate from "substantial."

The statutory factor of substantial planning and premeditation has repeatedly been upheld as constitutional by the courts. Courts have found that this factor adequately assists the jury in distinguishing between those who deserve capital punishment and those who do not, as "[n]ot every murder involves substantial planning and premeditation." United States v. Minerd, 176 F. Supp. 2d 424, 439 (W.D. Pa. 2001); see also United States v. Bourgeois, 423 F.3d 501, 511 (5th Cir. 2005); United States v. Diaz, No. 05-00167, 2007 WL 656831, at *10 (N.D. Cal. Feb. 28,

2007); <u>United States v. Mayhew</u>, 380 F. Supp. 2d 936, 949 (S.D. Ohio 2005).  Courts have also

found that the aggravating factor of "substantial planning and premeditation" is not

unconstitutionally vague, as it clearly has a commonsense meaning which criminal juries are

capable of understanding.  <u>United States v. McCullah</u>, 76 F.3d 1087, 1110 (10th Cir. 1996), *cert*

*denied*, 520 U.S. 1213 (1997); <u>United States v. Bin Laden</u>, 126 F. Supp. 2d 290, 296 n.7

(S.D.N.Y. 2001); <u>United States v. Johnson</u>, No. 96-379, 1997 WL 534163, at *4 (N.D. Ill. Aug.

20, 1997); <u>United States v. McVeigh</u>, 944 F. Supp. 1478, 1490 (D. Colo. 1996).  Therefore, this

factor as noticed by the Government does not offend constitutional precepts.

Moreover, the text of the FDPA as well as the Court's instructions to the jury will supply

the context necessary to channel the jury's discretion in assessing eligibility for the death penalty.

<u>United States v. Tipton</u>, 90 F.3d 861, 896 (4th Cir. 1996).  "To the extent that aggravating and

mitigating factors are abstract concepts, they are capable of being rendered precise and concrete

in the course of crafting instructions to the sentencing jury."  <u>United States v. Llera Plaza</u>, 179 F.

Supp. 2d 444, 449-50 (E.D. Pa. 2001).  In this case, counsel for Hammer and counsel for the

Government will have the opportunity to participate fully in the process of formulating the

instructions which will frame the jury's deliberations.  Defendant offers no evidence that can

overcome the assumption that juries will follow the instructions given to them during the penalty

phase hearing.  <u>Marshall v. Lonberger</u>, 459 U.S. 422, 438 n.6 (1983); <u>United States v. Jass</u>, 569

F.3d 47, 55 n.4 (2d Cir. 2009); <u>United States v. Casamento</u>, 887 F.2d 1141, 1151 (2d Cir. 1989).

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Strike the Statutory

Aggravating Factor of Substantial Planning and Premeditation.  (Doc. No. 1338.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 96-239 |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

**AND NOW**, this 1st day of Defendant 2011, upon consideration of Defendant's Motion to Strike the Statutory Aggravating Factor of Substantial Planning and Premeditation (Doc. No. 1338), Government's Brief in Opposition (Doc. No. 1351), Defendant's Reply Brief (Doc. No. 1369), and Government's Post-Argument Brief (Doc. No. 1386), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion to Strike the Statutory Aggravating Factor of Substantial Planning and Premeditation (Doc. No. 1338) is **DENIED**.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.